UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MASSACHUSETTS PROPERTY | ) | |
| INSURANCE UNDERWRITING | ) | |
| ASSOCIATION, as subrogee of KUMO | ) | |
| REALTY TRUST, BORIS KURITNIK, | ) | |
| TRUSTEE, | ) | |
|      Plaintiff, | ) | |
| | ) | |
|    v. | ) | C.A. No.: 1:20-cv-10383-WGY |
| | ) | |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| and SENSATA TECHNOLOGIES, INC., | ) | |
|      Defendants. | | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF, MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION'S MOTION TO REMAND TO THE MASSACHUSETTS SUPERIOR COURT IN SUFFOLK COUNTY

Now comes the Plaintiff, Massachusetts Property Insurance Underwriting Association, as subrogee of Kumo Realty Trust, Boris Kuritnik, Trustee (the "Plaintiff"), by and through its undersigned counsel, and hereby requests that this Honorable Court remand the instant matter to the Massachusetts Superior Court in Suffolk County pursuant to 28 U.S.C. § 1447(c) and 28 U.S.C. § 1447(e). The Plaintiff hereby submits this Memorandum of Law in support of its Motion to Remand the instant matter to the Massachusetts Superior Court in Suffolk County.

### I.    BACKGROUND

#### A.    Factual Background

This matter is a subrogation action brought by the Plaintiff against the Defendants, Electrolux Home Products, Inc. ("Electrolux"), and Sensata Technologies, Inc. ("Sensata") (collectively, the "Defendants"). *See Exhibit 1*, First Amended Complaint. The subrogation action arises out of a fire (the "Fire") that occurred on January 27, 2017 at the Plaintiff's insured's property. The Plaintiff alleges that a refrigerator designed, manufactured and distributed by

Electrolux and a component part of the refrigerator, specifically its compressor, designed, manufactured and distributed by Sensata caused the Fire. The Plaintiff asserts state-law claims of negligence and breach of warranty against the Defendants.

The Plaintiff is an unincorporated association with a principal place of business at 2 Center Plaza, Boston, Massachusetts 02108. *See Exhibit 2, Affidavit of Donna Baxter, Esq.* at ¶ 3. The Plaintiff is an unincorporated association of "[a]ll insurers licensed to write and engaged in writing in this commonwealth, on a direct basis, basic property insurance or any component thereof in multi-peril policies . . .." Mass. Gen. Laws ch. 175C, § 4; *see also Exhibit 2* at ¶ 4. The Plaintiff secures its authority to operate under Mass. Gen. Laws ch. 175C, § 1 *et seq*., Urban Area Insurance Placement. *See* Mass. Gen. Laws ch. 175C, § 1 *et seq*. Members of the Plaintiff include, but are not limited to, the following insurance companies incorporated under the law of the Commonwealth of Massachusetts: Proselect Insurance Company; Liberty Mutual Personal Insurance Company; New England Mutual Insurance Company; Barnstable County Mutual Insurance Company; Cambridge Mutual Fire Insurance Company; Dorchester Mutual Insurance Company; Fitchburg Mutual Insurance; Liberty Mutual Insurance Company; Merrimack Mutual Fire Insurance Company; Norfolk & Dedham Mutual Fire Insurance Company; Quincy Mutual Fire Insurance Company; Bay State Insurance Company; Massachusetts Bay Insurance Company; Electric Insurance Company; Safety Insurance Company; and Plymouth Rock Assurance Company. *See Exhibit 2* at ¶ 5.

Electrolux is incorporated under the laws of the State of Delaware and has a principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina 28262. *See Exhibit 1* at ¶ 2; *see also Exhibit 3*, Electrolux's Answer to First Amended Complaint at ¶ 2. Sensata is incorporated under the laws of the State of Delaware and has a principal place of business at 529

Pleasant Street in Attleboro, Bristol County, Massachusetts 02703.  *See Exhibit 1* at ¶ 3; *see also*

*Exhibit 4*, Sensata's Answer to Amended Complaint at ¶ 3.

### B.    Procedural History

On January 14, 2020, the Plaintiff commenced a civil action against Electrolux in Suffolk

Superior Court in Boston, Massachusetts (Civil Action No. 2084CV00130).  On January 27, 2020,

the Plaintiff served Electrolux with the Summons, Complaint, and Civil Action Cover Sheet in the

instant action.  On or about February 25, 2020, Electrolux filed a Notice of Removal to the United

States District Court for the District of Massachusetts pursuant to 28 U.S.C. § 1332 and 28 U.S.C.

§ 1446.  As grounds in support of Electrolux's Notice of Removal, it argued that the United States

District Court had venue over the instant matter because there was diversity of citizenship between

the Plaintiff and Electrolux.  On or about February 28, 2020, the Court allowed the Defendant's

Notice of Removal and this matter was thereby transferred to the United States District Court for

the District of Massachusetts (C.A. No. 1:20-cv-10383-WGY).

On or about July 14, 2020, the Plaintiff filed an Assented-to Motion to Amend the

Complaint pursuant to Fed. R. Civ. P. 15(a)(2) to join Sensata as a defendant to this matter for the

purpose of seeking complete relief in this matter.  In the Plaintiff's Motion to Amend, it stated that

it determined during discovery that a component part of the refrigerator, specifically the

compressor, was designed, manufactured, and/or distributed by Sensata.  The Court granted the

Motion to Amend Complaint, and filed the Amended Complaint on September 25, 2020.

### II.    <u>ARGUMENT</u>

**A.    After Removal and the Joinder of the Defendant, Sensata Technologies, Inc., the Instant Matter Should be Remanded to the Massachusetts Superior Court in Suffolk County because the United States District Court Lacks Subject Matter Jurisdiction over the First Amended Complaint Based on a Lack of Diversity between the Plaintiff and the Defendant, Sensata Technologies, Inc.**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . .." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted.). "In the absence of jurisdiction, a court is powerless to act." *Am. Fiber & Finishing, Inc. v. Tyco Healthcare Grp., LP*, 362 F.3d 136, 138 (1st Cir. 2004). Under 28 U.S.C. § 1441(a), "the general removal statute, permits 'the defendant or the defendants" in a state-court action over which the federal courts would have original jurisdiction to remove that action to federal court." *Home Depot U.S.A., Inc. v. Jackson*, S. Ct. 1743 (2019). Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see also Cases Office Machs. v. Mita Copystar Am.*, 42 F.3d 668, 674 (1st Cir. 1994) ("Federal courts and commentators have concluded that, under § 1447(e), the joinder or substitution of nondiverse defendants after removal destroys diversity jurisdiction, regardless whether such defendants are dispensable of indispensable to the action."); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001) ("Section 1447(e) allows joinder and remand to state court if, after removal, 'the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction.'"); 28 U.S.C. § 1447(c) (Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded to the state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction.").

28 U.S.C. § 1332(a)(1) confers jurisdiction in the United States District Courts where the matter is between "citizens of different states" and where the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). "In order to provide a neutral forum for what have come to be known as diversity cases, Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by

foreign states against U.S. citizens." *Exxon Mobil Corp. v. Allapattah Service, Inc.*, 545 U.S. 546, 552 (U.S. 2005); *see also* 28 U.S.C. § 1332. "[D]iversity jurisdiction requires complete diversity of citizenship as between all plaintiffs and all defendants. This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." *Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F. 3d 47, 53-54 (1st Cir. 2011) (internal quotation marks and citations omitted), quoting *ConnectU LLC v. Zuckerberg*, 522 F. 3d 82, 91 (1st Cir. 2008); *see also Cases Office Machs.*, 42 F.3d at 673 ("It has long been settled that a 'lack of 'complete diversity' between the parties deprives the federal courts of jurisdiction over the lawsuit.'"); *Am. Fiber & Finishing, Inc.*, 362 F.3d at 139 ("there must be complete diversity among the parties to sustain diversity jurisdiction.").

1. **The Court Lacks Subject Matter Jurisdiction over the Amended Complaint Because the Plaintiff and the Defendant, Sensata Technologies, Inc., are Citizens of the Same State – Massachusetts.**

The Plaintiff, Massachusetts Property Insurance Underwriting Association, is an unincorporated association of "[a]ll insurers licensed to write and engaged in writing in this commonwealth, on a direct basis, basic property insurance or any component thereof in multi-peril policies . . .." Mass. Gen. Laws ch. 175C, § 4; *see also Exhibit 2* at § 4. For the purpose of determining the citizenship of the Plaintiff, Massachusetts Property Insurance Underwriting Association, an unincorporated association, the citizenship of each of its members must be considered. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195 (U.S. 1990) (for diversity purposes, the citizenship of an artificial entity, such as an unincorporated association, depends on the citizenship of all of the associations members); *see also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126-27 (1st Cir. 2011) (For the purpose of an unincorporated entity and determining the citizenship of each of the entity's members, the Court ordered the

plaintiff "to trace the citizenship of any member that is an unincorporated association through however many layers of members or partners there may be."); *Legion Ins. Co. v. Family Service, Inc.*, 561 F.Supp.2d 232, 237 FN 2 (D.R.I. 2008) ("For diversity purposes, the citizenship of an unincorporated association is based on the citizenship of its members and in order for complete diversity to exist, no member of the association can be a citizen of the same state as any adverse party.")    Members of the Plaintiff include, but are not limited to, the following insurance companies incorporated under the law of the Commonwealth of Massachusetts:  Proselect Insurance Company; Liberty Mutual Personal Insurance Company; New England Mutual Insurance Company; Barnstable County Mutual Insurance Company; Cambridge Mutual Fire Insurance Company; Dorchester Mutual Insurance Company; Fitchburg Mutual Insurance; Liberty Mutual Insurance Company; Merrimack Mutual Fire Insurance Company; Norfolk & Dedham Mutual Fire Insurance Company; Quincy Mutual Fire Insurance Company; Bay State Insurance Company; Massachusetts Bay Insurance Company; Electric Insurance Company; Safety Insurance Company; and Plymouth Rock Assurance Company.  *See Exhibit 2* at ¶ 5.  For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . .."  28 U.S.C. § 1332(c)(1); *see also Rodriguez v. SK & F Co.*, 833 F.2d 8, 9 (1st Cir. 1987) ("for purposes of diversity jurisdiction a corporation has dual citizenship, that of the state of its incorporation and that of the state where it has its principal place of business.").  Because these insurers are incorporated under the laws of the Commonwealth of Massachusetts, the insurers are citizens of the Commonwealth of Massachusetts for the purpose of diversity jurisdiction and the Plaintiff, Massachusetts Property Insurance Underwriting Association, an

unincorporated association, is a citizen of the Commonwealth of Massachusetts for the purpose of diversity jurisdiction.

Sensata is a foreign corporation with a principal office located at 529 Pleasant Street in Attleboro, Bristol County, Massachusetts, a Massachusetts office located at 303 Congress Street in Boston, Suffolk County, Massachusetts. *See Exhibit 1; see also Exhibit 4.*  Accordingly, for the purpose of diversity jurisdiction, Sensata is a citizen of the Commonwealth of Massachusetts.  28 U.S.C. § 1332(c)(1); *see Rodriguez*, 833 F.2d at 9.  After amendment of the Complaint and joinder of Sensata, to which Electrolux assented, the Court lacks subject matter jurisdiction over the First Amended Complaint because the Plaintiff and Sensata are, for the purpose of diversity jurisdiction, citizens of the same State – the Commonwealth of Massachusetts.  Because Electrolux removed the original action from state court to this Court under 28 U.S.C. § 1441, based on diversity of citizenship between the Plaintiff and Electrolux, and the Court now lacks subject matter jurisdiction based on the joinder of Sensata, the Court must now remand the matter back to state court based on a lack of diversity between the Plaintiff and Sensata.  *See* 28 U.S.C. § 1447(c); 28 U.S.C. § 1447(e).

## III.    <u>CONCLUSION</u>

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that this Honorable Court remand this matter back to the Massachusetts Superior Court in Suffolk County.

Respectfully submitted,
Plaintiff,
By its attorneys,

*/s/ Matthew D. Rush*

_____

Michael P. Guagenty, BBO No. 567176
Matthew D. Rush, BBO No. 669990
SLOANE AND WALSH, LLP.
One Boston Place
201 Washington Street, Suite 1600
Boston, MA 02108
617-523-6010
mguagenty@sloanewalsh.com
mrush@sloanewalsh.com

Dated:  August 25, 2021

## CERTIFICATE OF SERVICE

I, Matthew D. Rush, hereby certify that this document filed through the ECF system will

be sent electronically to the registered participants as identified on the Notice of Electronic Filing

and paper copies will be sent to those indicated as non-registered participants.

/s/ Matthew D. Rush

_____

Matthew D. Rush

8