# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION, as Subrogee of KUMO REALTY TRUST, BORIS KURITNIK, TRUSTEE,<br>      Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., And SENSATA TECHNOLOGIES, INC.<br>      Defendants. | C.A. No.: 1:20-cv-10383-WGY |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### Parties

1. Plaintiff, Massachusetts Property Insurance Underwriting Association as Subrogee of Kumo Realty Trust, Boris Kuritnik, Trustee ("the Plaintiff" or "MPIUA") is a corporation existing under the laws of the Commonwealth of Massachusetts, with a principal place of business located at Two Center Plaza, Suffolk County, Boston, Massachusetts.

2. Defendant, Electrolux Home Products, Inc., ("Electrolux"), is a foreign profit corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 10200 David Taylor Drive, Charlotte, Mecklenburg County, North Carolina, 28262, and a registered agent for service at CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts.

3. Defendant, Sensata Technologies, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, with a principal office located at 529 Pleasant Street in Attleboro, Bristol County, Massachusetts, a Massachusetts office located at 303 Congress Street in Boston, Suffolk County, Massachusetts, and a registered agent for service at Corporation Service Company located at 84 State Street in Boston, Suffolk County Massachusetts.

### General Allegations

4. At all times relevant and all times hereinafter mentioned, Kumo Realty Trust, Boris Kuritnik, Trustee (hereinafter "Kumo" or "the Subrogor"), was the owner of a condo association trust located at 3 Westminster Terrace, in Roxbury, Suffolk County, Massachusetts (the "Property").

1

5. At all times relevant and all times hereinafter mentioned, the Plaintiff insured the Subrogor and the Property pursuant to insurance policy No. 1372053-5 ("the Policy").

6. On May 26, 2016, the Subrogor purchased an Frigidaire brand refrigerator (Model #FFTR2021QS2, lot 00279925, serial no. 61406290) ("the Refrigerator").

7. The refrigerator was designed, manufactured, distributed, and/or sold by Defendant Electrolux, using the brand name Frigidaire.

8. Component parts of the refrigerator, including but not limited to the compressor, were designed, manufactured, and/or distributed by defendant Sensata Techonologies, Inc.

9. At all times prior to and including January 27, 2017, the Refrigerator was maintained in good condition and used by the Homeowners only for its foreseeable uses, and in accordance with the manufacturer and/or distributor's instructions.

10. On January 27, 2017, the Refrigerator caused a fire to start at the Property, leading to significant damage, including the destruction and damage of real and personal property of the Subrogor (hereinafter the "Incident").

11. The Incident and the ensuing damages were directly and proximately caused by the negligence and breaches of warranties of the Defendants, their agents, servants, and employees.

12. The Incident caused damage and destruction, including the loss of use thereof, to the real and personal property of the Subrogor, all to the financial damage, loss, and detriment of the Plaintiff, MPIUA.

13. MPIUA reimbursed the Subrogor under the Policy for the damage to the Property, thereby becoming subrogated to its rights and claims.

## Count I – Negligence v. All Defendants

14. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 13 above, as if expressly rewritten and set forth herein.

15. The aforesaid Incident and the resulting damages to the Plaintiff were directly and/or proximately caused by the negligence and breaches of duties owed by the Defendants, their agents, servants, and employees, including but not limited to the following:

    a. Failing to properly and safely design, manufacture, distribute, and/or sell the Refrigerator;
    b. Failing to properly and safely design, manufacture, distribute, and/or sell component parts of the Refrigerator;
    c. Placing into the stream of commerce an unreasonably dangerous product;
    d. Failing to warn of the existence of dangerous conditions, i.e. the risk of fire from the Refrigerator;

2

1780954.1

  e. Designing, manufacturing, distributing, and/or selling a product which posed a risk of fire during normal use;
  f. Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances regarding manufacturing appliances such as refrigerators; and
  g. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount that will adequately compensate the Plaintiff for its losses, together with interest and costs.

### Count II - Breach of Warranty v. Electrolux

16. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 15 above, as if expressly rewritten and set forth herein.

17. The Defendant Electrolux, designed, manufactured, fabricated, constructed and sold a product, namely the Refrigerator.

18. Electrolux warranted the Refrigerator, and the Subrogor was provided with and/or the beneficiary of those warranties.

19. The Defendant, Electrolux, expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Electrolux was a merchant with respect to goods of the kind involved in the incident. Electrolux knew or had reason to know of the particular purpose for which the goods were required, and that the Plaintiff was relying on Electrolux's skill and judgment to select and/or furnish suitable goods. Electrolux also knew or had reason to know that the Plaintiff, and those utilizing the product, relied on the warranties made by Electrolux. Electrolux breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended use and purposes. The Plaintiff suffered damage and/or harm as a direct and proximate result of the breaches of said warranties by Electrolux. Due notice has been given Electrolux of its breaches of warranty.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Electrolux in an amount that will adequately compensate the Plaintiff for its losses, together with interest and costs.

### Count III - Breach of Warranty v. Sensata Technologies, Inc.

20. Plaintiff repeats, re-alleges, and incorporates by reference the allegations contained in paragraphs 1 through 19 above, as if expressly rewritten and set forth herein.

21. The Defendant Sensata Technologies, Inc., designed, manufactured, and/or distributed component parts for the Refrigerator, including but not limited to the compressor of the refrigerator.

3

1780954.1

22. Sensata Technologies, Inc. warranted the component parts, and the Subrogor was provided with and/or the beneficiary of those warranties.

23. The Defendant, Sensata Technologies, Inc. expressly and impliedly warranted that its product was safe, merchantable and fit for its intended uses. Sensata Technologies, Inc. was a merchant with respect to goods of the kind involved in the incident. Sensata Technologies, Inc. knew or had reason to know of the particular purpose for which the goods were required, and that the Plaintiff was relying on Sensata Technologies, Inc.'s skill and judgment to select and/or furnish suitable goods. Sensata Technologies, Inc. also knew or had reason to know that the Plaintiff, and those utilizing the product, relied on the warranties made by Sensata Technologies, Inc.. Sensata Technologies, Inc. breached its warranties because the component parts were unsafe, not of merchantable quality and unfit for its intended use and purposes. The Plaintiff suffered damage and/or harm as a direct and proximate result of the breaches of said warranties by Sensata Technologies, Inc.

WHEREFORE, the Plaintiff demands judgment against the Defendant, Sensata Technologies, Inc. in an amount that will adequately compensate the Plaintiff for its losses, together with interest and costs.

## Demands for Relief

WHEREFORE, Plaintiff requests that the Court:

i. Enter a judgment against Defendants declaring they are legally and financially responsible for the damages that Plaintiff sustained or incurred;

ii. Award Plaintiff compensatory damages against the Defendants in an amount equal to the damages he has incurred and suffered;

iii. Award Plaintiff costs of suit, including attorneys' and expert witness fees;

iv. Award Plaintiff interest, including, but not limited to, pre-judgment interest; and

v. Fashion such other relief as the Court deems just and proper.

4

**Jury Demand**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

        Respectfully submitted,
        MASSACHUSETTS PROPERTY INSURANCE UNDERWRITING ASSOCIATION,
        As Subrogee of KUMO REALTY TRUST,
        Plaintiff,
        By its attorneys,

Dated: July 14, 2020

        */s/BrettRCorson*
        Michael P. Guagenty, BBO No. 567176
        Brett R. Corson, BBO No. 677644
        SLOANE AND WALSH, LLP
        One Boston Place
        201 Washington Street, Suite 1600
        Boston, MA 02108
        (617) 523-6010
        mguagenty@sloanewalsh.com
        bcorson@sloanewalsh.com