# **EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS PROPERTY
INSURANCE UNDERWRITING
ASSOCIATION, as Subrogee of KUMO
REALTY TRUST, BORIS KURITNIK,
TRUSTEE,

        Plaintiff,                        C.A. No. 1:20-cv-10383-WGY

      v.

ELECTROLUX HOME PRODUCTS,
INC. and SENSATA TECHNOLOGIES,
INC.,

        Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT ELECTROLUX HOME PRODUCTS, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Electrolux Home Products, Inc. (hereinafter "Electrolux" or "Defendant"), by and through its counsel, hereby answers the First Amended Complaint filed by Plaintiff, Massachusetts Property Insurance Underwriting Association, as Subrogee of Kumo Realty Trust, Boris Kuritnik, Trustee (hereinafter "MPIUA" or "Plaintiff"), as follows:

**PARTIES**

1. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, leaves Plaintiff to its proof.

2. Electrolux admits that it is a corporation with a principal place of business located at 10200 David Taylor Drive, Charlotte, NC 28262 with an agent for service of process in the Commonwealth of Massachusetts.

1

3. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of Plaintiff's First Amended Complaint and, therefore, leaves Plaintiff to its proof.

## GENERAL ALLEGATIONS

4. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies the same.

5. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies the same.

6. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies the same.

7. Admitted to the extent that Electrolux sells refrigerators under the brand name Frigidaire. Electrolux denies the remaining allegations.

8. Admitted to the extent that Sensata Technologies, Inc. has designed, manufactured, and/or distributed component parts for refrigerators sold by Electrolux.

9. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint and, therefore, denies the same.

10. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's First Amended Complaint and, therefore, denies the same.

11. Electrolux denies the allegations set forth in paragraph 11 of Plaintiff's First Amended Complaint.

12. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiff's First Amended Complaint and, therefore, denies the same.

13. Electrolux is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's First Amended Complaint and, therefore, denies the same.

## COUNT I – NEGLIGENCE v. ALL DEFENDANTS

14. Electrolux restates and incorporates its Answers to paragraphs 1 through 13 of Plaintiff's First Amended Complaint as if fully restated herein.

15. Electrolux denies the allegations contained in paragraph 15, including subparts a-f.

WHEREFORE, Electrolux denies that Plaintiff is entitled to the relief sought, and demands judgment in its favor and dismissal of the Plaintiff's First Amended Complaint with prejudice and with costs.

## COUNT II - BREACH OF WARRANTY v. ELECTROLUX

16. Electrolux restates and incorporates its Answers to paragraphs 1 through 15 of Plaintiff's First Amended Complaint as if fully restated herein.

17. Admitted to the extent that Electrolux sells refrigerators. Electrolux lacks sufficient information to admit or deny the remaining allegations.

18. Electrolux lacks sufficient information to admit or deny the remaining the allegations contained in paragraph 18 to the extent they pertain to it.

19. Electrolux denies the allegations contained in paragraph 19 of Plaintiff's First Amended Complaint.

WHEREFORE, Electrolux denies that Plaintiff is entitled to the relief sought, and demands judgment in its favor and dismissal of the Plaintiff's First Amended Complaint with prejudice and with costs.

## COUNT III – BREACH OF WARRANTY v. SENSATA TECHNOLOGIES, INC.

20. Electrolux restates and incorporates its Answers to paragraphs 1 through 19 of Plaintiff's First Amended Complaint as if fully restated herein.

21. Paragraph 21 is not directed to Electrolux and therefore no response is required; however, in the event that this paragraph is read to be applicable to it, Electrolux admits only that Sensata Technologies, Inc. has designed, manufactured, and/or distributed component parts for refrigerators sold by Electrolux.

22. Paragraph 22 is not directed to Electrolux and therefore no response is required; however, in the event that this paragraph is read to be applicable to it, Electrolux denies the allegations contained therein.

23. Paragraph 23 is not directed to Electrolux and therefore no response is required; however, in the event that this paragraph is read to be applicable to it, Electrolux denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

The alleged injuries, damages, or losses, if any, complained of by Plaintiff herein were caused in whole or in part by the acts or omissions of persons or entities other than Electrolux over whom Electrolux has no authority or control, or that were hidden from Electrolux.

**THIRD DEFENSE**

Plaintiff's insured's own negligence caused or contributed to the Plaintiff's alleged injuries and damages. As a result, Plaintiff's right to recover damages is barred or proportionately reduced.

**FOURTH DEFENSE**

Plaintiff's claims are barred or reduced by the comparative and/or contributory fault of Plaintiff's insured and/or a third party.

**FIFTH DEFENSE**

Each purported cause of action of Plaintiff's First Amended Complaint is barred because the injuries, damages, and losses, if any, complained of by Plaintiff herein were the result of an independent, unforeseeable, superseding, and/or intervening cause.

**SIXTH DEFENSE**

If Plaintiff was injured and/or damaged by any product manufactured, sold, or distributed by Electrolux, Electrolux states that those injuries and/or damages occurred because the product was used for a purpose or in a manner other than that for which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable by Electrolux.

**SEVENTH DEFENSE**

The First Amended Complaint and each and every purported cause of action asserted against Electrolux is barred, in whole or in part, because Electrolux complied with all applicable

product safety statutes and/or administrative regulations falling within the Restatement Third of Torts: Product Liability §4 and comments thereto.

### EIGHTH DEFENSE

Electrolux states that at no time did it enter into any contracts with Plaintiff and denies that privity of contract existed between the Plaintiff and/or Plaintiff's insured and Electrolux.

### NINTH DEFENSE

Electrolux gave no warranties, express or implied, to Plaintiff or to anyone acting on Plaintiff's behalf.

### TENTH DEFENSE

Electrolux states that if there were express or implied warranties as alleged in the First Amended Complaint (allegations which Electrolux specifically denies), Plaintiff was not within the scope of any such alleged warranties because it was not a purchaser, and no sale to Plaintiff ever occurred of any product sold or distributed by Defendant.

### ELEVENTH DEFENSE

Electrolux states that if any of its agents or servants made any express warranties (allegations which Electrolux specifically denies), then the agents or servants of Electrolux did so without authority, express or implied.

### TWELFTH DEFENSE

Electrolux states that if its agents or servants made any warranties, express or implied (allegations which Electrolux specifically denies), then Electrolux denies that it breached any of the warranties.

### THIRTEENTH DEFENSE

Electrolux states that Plaintiff was not a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, Plaintiff cannot recover in this action.

**FOURTEENTH DEFENSE**

Electrolux states that if it, or its agents or servants made any express warranties (allegations which Electrolux specifically denies), then Plaintiff did not rely on express warranties, and further there was no such reliance by any person or entity authorized to represent Plaintiff.

**FIFTEENTH DEFENSE**

Electrolux states that it is not liable for Plaintiff's alleged injuries or damages, if any, because of the Doctrine of Sophisticated User/Purchaser.

**SIXTEENTH DEFENSE**

The First Amended Complaint and each and every purported cause of action asserted against Electrolux, is barred, in whole or in part, because at all times relevant hereto, to the extent required, Electrolux provided adequate warnings.

**SEVENTEENTH DEFENSE**

Electrolux states at all times and places mentioned in the First Amended Complaint, Plaintiff and/or other persons without Electrolux's knowledge and approval redesigned, modified, altered and used Electrolux's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, or other such treatment or change is not from any act or omission by Electrolux. Therefore, said defect, if any, was created by Plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiff allegedly suffered.

**EIGHTEENTH DEFENSE**

Electrolux conformed to the state of the art for the design, manufacture, and labeling of the refrigerator and no practical or technologically feasible designs were or are available for

7

Electrolux's refrigerator that could have prevented the injuries and/or damages Plaintiff has alleged to have suffered.

### NINETEENTH DEFENSE

Any alleged damages were caused by and arose out of risks known to and assumed by Plaintiff.

### TWENTIETH DEFENSE

Any damages were the result of the Plaintiff's insured and/or a third party's misuse of the subject refrigerator.

### TWENTY-FIRST DEFENSE

Plaintiff has failed to mitigate any alleged damages or losses.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

### TWENTY-THIRD DEFENSE

Plaintiff volunteered to make payments to its insured and any monetary payment from Plaintiff to its insured was not required by the insurance policy.

### TWENTY-FOURTH DEFENSE

Electrolux states that the refrigerator they allegedly manufactured was not in the same, or substantially the same, condition at the time of the alleged fire as it was at the time of the refrigerator's manufacture and sale.

### TWENTY-FIFTH DEFENSE

Electrolux states that the spoliation of the product and/or the site of the fire resulted in the destruction of crucial evidence necessary to determine the cause and origin of the fire.

8

## TWENTY-SIXTH DEFENSE

Electrolux states that the refrigerator at issue contained clear and adequate warnings and instructions that Plaintiff, Plaintiff's insured, and/or third party users of the refrigerator failed to read and/or follow, which is a defense and a bar to any claim against Electrolux and which defense inures to the benefit of Electrolux.

## TWENTY-SEVENTH DEFENSE

Plaintiff's claims for relief are barred by accord and satisfaction, estoppel or waiver.

## TWENTY-EIGHTH DEFENSE

Electrolux states that the claims are barred by release.

## TWENTY-NINTH DEFENSE

Electrolux specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case and hereby reserves the right to amend its answer assert any such defenses.

**ELECTROLUX DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,
Defendant, Electrolux Home Products, Inc.
By its attorneys,


*/s/ Jordan L. Schwindt*
Jonathan F. Tabasky, BBO #631387
Jordan L. Schwindt, BBO #694333
MANNING GROSS + MASSENBURG LLP
125 High Street, 6th Floor
Oliver Street Tower
Boston, MA 02110-3536
Telephone: (617) 670-8800
Facsimile: (617) 670-8801
Email: jtabasky@mgmlaw.com
Email: jschwindt@mgmlaw.com

Dated: October 5, 2020

### CERTIFICATE OF SERVICE

I, Jordan L. Schwindt, attorney for Defendant, Electrolux Home Products, Inc., hereby certify that on October 5, 2020, this document was filed through the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record via the Court's ECF system.

*/s/ Jordan L. Schwindt*
Jordan L. Schwindt