# **EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                                          :
MASSACHUSETTS PROPERTY INSURANCE           :   C.A. No. 1:20-cv-10383-WGY
UNDERWRITING ASSOCIATION, As Subrogee of   :
KUMO REALTY TRUST, BORIS KURITNIK,         :
TRUSTEE,                                    :
      Plaintiff,                            :
                                                                          :
V.                                                                        :
                                                                          :
ELECTROLUX HOME PRODUCTS, INC., et al.,     :
      Defendants.                         :
_____:

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SENSATA TECHNOLOGIES, INC.

The defendant, Sensata Technologies, Inc. ("Sensata"), hereby answers the First Amended Complaint and Jury Demand dated July 14, 2020 ("First Amended Complaint"), filed by the plaintiff, Massachusetts Property Insurance Underwriting Association, as Subrogee of Kumo Realty Trust, Boris Kuritnik, Trustee ("Plaintiff"), on September 25, 2020, and served on Sensata December 16, 2020, as follows:

1. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

2. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

3. Sensata admits that it is a corporation with a principal place of business located at 529 Pleasant Street, Attleboro, Massachusetts with an agent for service of process in

Massachusetts.

4. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

5. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

6. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

7. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

8. Sensata specifically denies that it designed, manufactured and/or distributed the compressor of the Refrigerator as alleged in Plaintiff's First Amended Complaint. As to the remaining allegations, Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of Plaintiff's First Amended Complaint and therefore, denies same and leaves Plaintiff to its proof.

9. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's First Amended Complaint and therefore, denies same and leaves Plaintiff to its proof.

10. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's First Amended Complaint and therefore,

denies same and leaves Plaintiff to its proof.

11. Sensata denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint.

12. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiff's First Amended Complaint and therefore, denies same and leaves Plaintiff to its proof.

13. Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of Plaintiff's First Amended Complaint and therefore, denies same and leaves Plaintiff to its proof.

## Count I – Negligence v. All Defendants

14. Sensata restates and incorporates its Answers to paragraphs 1 through 13 of Plaintiff's First Amended Complaint as if fully restated herein.

15. Sensata denies the allegations contained in paragraph 15 and subparts a through g of Plaintiff's First Amended Complaint.

WHEREFORE, Sensata denies that Plaintiff is entitled to the relief sought, and demands judgment in its favor and dismissal of the Plaintiff's First Amended Complaint with prejudice and with costs.

## Count II – Breach of Warranty v. Electrolux

16. Sensata restates and incorporates its Answers to paragraphs 1 through 15 of Plaintiff's First Amended Complaint as if fully restated herein.

17. Paragraph 17 is not directed at Sensata and therefore no response is required. To the extent paragraph 17 requires a response, Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of Plaintiff's First

Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

18. Paragraph 18 is not directed at Sensata and therefore no response is required. To the extent paragraph 18 requires a response, Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

19. Paragraph 19 is not directed at Sensata and therefore no response is required. To the extent paragraph 19 requires a response, Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of Plaintiff's First Amended Complaint and, therefore, denies same and leaves Plaintiff to its proof.

WHEREFORE, to the extent Count II applies to Sensata, Sensata denies that Plaintiff is entitled to the relief sought, and demands judgment in its favor and dismissal of the Plaintiff's First Amended Complaint with prejudice and with costs.

## Count III – Breach of Warranty v. Sensata Technologies, Inc.

20. Sensata restates and incorporates its Answers to paragraphs 1 through 19 of Plaintiff's First Amended Complaint as if fully restated herein.

21. Sensata specifically denies that it designed, manufactured and/or distributed the compressor of the Refrigerator as alleged in Plaintiff's First Amended Complaint. As to the remaining allegations, Sensata is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint and therefore, denies same and leaves Plaintiff to its proof.

22. Sensata denies Paragraph 22 of Plaintiff's First Amended Complaint.

23. Sensata denies Paragraph 23 of Plaintiff's First Amended Complaint.

WHEREFORE, Sensata denies that Plaintiff is entitled to the relief sought, and demands

judgment in its favor and dismissal of the Plaintiff's First Amended Complaint with prejudice and with costs.

24. Sensata denies each and every allegation not specifically admitted herein.

25. Sensata denies the relief sought in the Plaintiff's First Amended Complaint's Demand for Relief.

**SENSATA DEMANDS A JURY TRIAL OF ALL CLAIMS, COUNTERCLAIMS, CROSS-CLAIMS AND THIRD-PARTY CLAIMS SO TRIABLE**

### AFFIRMATIVE DEFENSES

**First Defense**

Plaintiff's First Amended Complaint fails to state a claim for which relief can be granted.

**Second Defense**

The alleged injuries, damages, or losses, if any, complained of by Plaintiff herein were caused in whole or in part by the acts or omissions of persons or entities other than Sensata over whom Sensata has no authority or control, or that were hidden from Sensata.

**Third Defense**

Plaintiff's insured's own negligence caused or contributed to Plaintiff's alleged injuries and damages. As a result, Plaintiff's right to recover damages is barred or proportionately reduced.

**Fourth Defense**

Plaintiff's claims are barred or reduced by the comparative and/or contributory fault of Plaintiff's insured and/or a third party.

**Fifth Defense**

Each purported cause of action of Plaintiff's First Amended Complaint is barred because the injuries, damages, and losses, if any, complained of by Plaintiff herein were the result of an

independent, unforeseeable, superseding, and/or intervening cause.

**Sixth Defense**

If Plaintiff was injured and/or damaged by any product manufactured, sold, or distributed by Sensata, Sensata states that those injuries and/or damages occurred because the product was used for a purpose or in a manner other than that for which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable by Sensata.

**Seventh Defense**

The First Amended Complaint and each and every purported cause of action asserted against Sensata is barred, in whole or in part, because Sensata complied with all applicable product safety statutes, ordinances and/or administrative regulations.

**Eighth Defense**

Sensata states that at no time did it enter into any contracts with Plaintiff or its insured and denies that privity of contract existed between the Plaintiff and/or Plaintiff's insured and Sensata.

**Ninth Defense**

Sensata gave no warranties, express or implied, to Plaintiff or to anyone acting on Plaintiff's behalf.

**Tenth Defense**

Sensata states that if there were express or implied warranties as alleged in the First Amended Complaint (allegations which Sensata specifically denies), Plaintiff was not within the scope of any such alleged warranties because it was not a purchaser, and no sale to Plaintiff ever occurred of any product sold or distributed by Sensata.

**Eleventh Defense**

Sensata states that if any of its agents or servants made any warranties (allegations which Sensata specifically denies), then the agents or servants of Sensata did so without authority, express or implied.

**Twelfth Defense**

Sensata states that if any of its agents or servants made any warranties, express or implied (allegations which Sensata specifically denies), then Sensata denies that it breached any of the warranties.

**Thirteenth Defense**

Sensata states that Plaintiff was not a third party beneficiary with reference to any alleged warranties, either express or implied, and therefore, Plaintiff cannot recover in this action

**Fourteenth Defense**

Sensata states that if it, or its agents or servants made any express warranties (allegations which Sensata specifically denies), then Plaintiff did not rely on express warranties, and further there was no such reliance by any person or entity authorized to represent Plaintiff.

**Fifteenth Defense**

Sensata states that it is not liable for Plaintiff's alleged injuries or damages, if any, because of the Doctrine of Sophisticated User/Purchaser.

**Sixteenth Defense**

The First Amended Complaint and each and every purported cause of action asserted against Sensata, is barred, in whole or in part, because at all times relevant hereto, to the extent required, Sensata provided adequate warnings.

**Seventeenth Defense**

Sensata states that at all times and places mentioned in the First Amended Complaint,

Plaintiff and/or other persons without Sensata's knowledge and approval redesigned, modified, altered and used Sensata's products contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, or other such treatment or change is not from any act or omission by Sensata. Therefore, said defect, if any, was created by Plaintiff and/or other persons, as the case may be, and was the direct and proximate cause of the injuries and damages, if any, that Plaintiff allegedly suffered.

**Eighteenth Defense**

Sensata conformed to the state of the art for the design, manufacture, and labeling of its product and no practical or technologically feasible designs were or are available for Sensata's product that could have prevented the injuries and/or damages Plaintiff has alleged to have suffered.

**Nineteenth Defense**

Any alleged damages were caused by and arose out of risks known to and assumed by Plaintiff.

**Twentieth Defense**

Any damages were the result of the Plaintiff's insured and/or a third party's misuse of the subject refrigerator.

**Twenty-First Defense**

Plaintiff and/or its insured has failed to mitigate any alleged damages or losses.

**Twenty-Second Defense**

Plaintiff's claims are barred by the applicable statute of limitations and/or repose and/or laches.

**Twenty-Third Defense**

Plaintiff volunteered to make payments to its insured and any monetary payment from

Plaintiff to its insured was not required by the insurance policy.

**Twenty-Fourth Defense**

Sensata states that the refrigerator components it allegedly manufactured were not in the same, or substantially the same, condition at the time of the alleged fire as it was at the time of their manufacture and sale or at the manufacture or sale of the refrigerator.

**Twenty-Fifth Defense**

Sensata states that the spoliation of the product and/or the site of the fire resulted in the destruction of crucial evidence necessary to determine the cause and origin of the fire and Plaintiff's claims may be barred and/or limited and/or Sensata may be entitled to a presumption or adverse inference.

**Twenty-Sixth Defense**

Sensata states that its product contained clear and adequate warnings and instructions that Plaintiff, Plaintiff's insured, and/or third party users of the product failed to read and/or follow, which is a defense and a bar to any claim against Sensata and which defense inures to the benefit of Sensata.

**Twenty-Seventh Defense**

Plaintiff's claims for relief are barred by accord and satisfaction, estoppel or waiver.

**Twenty-Eighth Defense**

Sensata states that the claims are barred by release.

**Twenty-Ninth Defense**

Plaintiff's Amended Complaint is defective in that Plaintiff has failed to join necessary or indispensable parties.

**Thirtieth Defense**

Sensata owed no duty to Plaintiff or its insured at the time of the alleged injuries.

**Thirty-First Defense**

The negligence, if any, on Sensata's part was not the proximate cause of any injuries or damages which may have been sustained by Plaintiff.

**Thirty-Second Defense**

At all times relevant, Sensata acted in a reasonable and proper manner.

**Thirty-Third Defense**

Sensata intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during discovery proceedings of this case and hereby reserves the right to amend its answer assert any such defenses.

Respectfully submitted,
SENSATA TECHNOLOGIES, INC.,

By its attorney,

Dated: January 6, 2021

By  /s/ Timothy P. Jensen
   Timothy P. Jensen (BBO #624968)
   O'Sullivan McCormack Jensen & Bliss PC
   Putnam Park, Suite 100
   100 Great Meadow Road
   Wethersfield, CT 06109-2371
   Phone (860) 258-1993
   Fax (860) 258-1991
   tjensen@omjblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and first class mail or email copies will be sent to those indicated as non-registered participants or to those parties not yet appearing on the date indicated below.

By  /s/ Timothy P. Jensen
Timothy P. Jensen (BBO 624968)

Dated: January 6, 2021